IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EAST BRIDGE LOFTS PROPERTY OWNERS ASSOCIATION, INC., CREEKSTONE SC I, LLC, AND CREEKSTONE BUILDERS, INC. | ) ) ) ) ) | Civil Action No.: 2:14-cv-2567-RMG |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) ) | COMPLAINT (Jury Trial Requested) |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| DEFENDANT. | ) ) ) | |

Plaintiffs, East Bridge Lofts Property Owners Association, Inc., Creekstone SC I, LLC, and Creekstone Builders, Inc., complaining of the Defendant above-named, allege and show unto the Court as follows:

1. Plaintiff East Bridge Lofts Property Owners Association, Inc. (hereinafter "POA") is a South Carolina nonprofit corporation which manages a horizontal property regime known as East Bridge Town Lofts, in Charleston County, consisting of 200 condominium dwelling units.

2. The East Bridge Town Lofts has exhibited severe construction deficiencies regarding the exterior building envelopes and structural members of all of the buildings. *East Bridge Lofts Property Owners Association v. East Bridge Lofts, LLC, et al.* 2010-CP-10-10204 ("Underlying Lawsuit") was tried by jury in Charleston County on May 27, 2014 through June 5, 2014, and in which the jury found in favor of the Plaintiff POA in the total amount of $55,000,000.00.

3.      Defendant Crum & Forster Specialty Insurance Company (Crum & Forster), upon information and belief, is a foreign corporation with a statutory home office located in Arizona and its principal place of business in New Jersey, which issued policies of insurance to Creekstone Builders, Inc. and Creekstone SC I, LLC, insuring operations, property, and interests in the state of South Carolina, which policies were issued from 2006 until 2010, and in which Plaintiffs are named insureds, constructive third-party beneficiaries and/or judgment creditors.

4.      Plaintiff Creekstone Builders, Inc. is a corporation organized under the laws of the state of Texas which purchased commercial general liability insurance policies from Defendant Crum & Forester covering policy years of 2006 through 2010.

5.      The Crum & Forster policies specifically include, via endorsement, Plaintiff Creekstone SC I, LLC as a named insured on each policy.

6.      Managing Members Everrett Jackson and/or Stephen Keller were additionally insured on each policy.  Creekstone Builders, Inc., and Creekstone SC I, LLC, are the assignees of Jackson's and Keller's claims relating to these policies.

7.      Plaintiff Creekstone SC I, LLC is a South Carolina limited liability company and was the general contractor for the East Bridge project.

8.      This Court has jurisdiction over the subject matter and parties hereto pursuant to 28 U.S.C. § 1332; 28 U.S.C. § 2201 *et seq.*; and S.C. Code § 36-2-803.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10.     Plaintiff POA brought suit against Creekstone SC I, LLC in civil action number 2010-CP-10-10204 ("Underlying Lawsuit"), which was tried by jury in Charleston County Court of Common Pleas on May 27, 2014 through June 5, 2014, and in which the jury found in favor of

2

the POA Plaintiff, and against each defendant in the Underlying Lawsuit in the total amount of $55,000,000.00.

11. Judgment was entered against Creekstone SC I, LLC, in the amount of $55,000,000.00.

12. Defendant issued Commercial General Liability insurance policies to Creekstone Builders, Inc. and Creekstone SC I, LLC for the following policy periods:

    a) 6/15/06 – 12/15/08: Policy No. GLO 091188 ("2006 Policy");

    b) 8/4/08 – 8/4/09: Policy No. GLO 131205 ("2008 Policy"); and

    c) 8/4/09 – 8/4/10: Policy No. GLO 161082 ("2009 Policy").

13. Defendant charged premiums to Plaintiffs Creekstone Builders, Inc. and Creekstone SC I, LLC and all premiums were paid for each of the aforementioned policy periods.

14. During the course of the underlying lawsuit, Defendant was notified on numerous occasions, of its duty to defend and indemnify Plaintiffs Creekstone Builders, Inc. and Creekstone SC I, LLC for the claims of the Plaintiff POA.

15. Despite being placed on notice of the claims in the underlying lawsuit and demands by Plaintiffs Creekstone Builders, Inc. and Creekstone SC I, LLC for defense and indemnity of all claims in the action, Defendant conducted no meaningful investigation, improperly denied coverage to its insureds, and did not participate in the underlying lawsuit.

16. Defendant attended the 2014 mediation of the Underlying Lawsuit, and failed to make a meaningful offer.

**CLAIMS**

17.     This claim is made pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, in that Plaintiff POA alleges that damages have been caused to them by virtue of the negligent acts of insured Creekstone SC I, LLC. Because there has been a recovery by POA against Creekstone SC I, LLC in the amount of $55,000,000.00, in the underlying lawsuit, POA is the beneficiary of and judgment creditor and has standing to sue Defendant in accordance with the terms of the policies referenced above, and Creekstone SC I, LLC is now subject to an excess verdict which could have been prevented but for the Defendant's unreasonable or bad faith conduct.

18.     Pursuant to South Carolina statutory Authority, § 38-61-10 of the South Carolina Code of Laws, all contracts of insurance on property, lives, or interests in this State are considered to have been issued in this State and are subject to this State's decisional law.

19.     That POA made one or more offers of settlement within applicable policy limits and put each of the carriers and their insureds on notice that South Carolina has long recognized that where a liability insurer owes the duty of defending a claim, the carrier "owes the insured the duty of settling the claim if that is the reasonable thing to do" pursuant to <u>Tyger River Pine Co. v. Maryland Casualty Co.,</u> 170 S.E. 346. 349 (S.C. 1933) and that should the carrier refuse to settle the matter for the demand that had been made within their policy limits, that South Carolina law provides recourse for the insureds to pursue a claim against the carrier for any excess verdict that may be rendered.

20.     Plaintiffs POA, Creekstone Builders, Inc., and Creekstone SC I, LLC allege that prior to the issuance of the <u>Tyger River</u> communication referenced in paragraph number 16 above, Defendant was obligated under its policies for up to the total policy limit for each of the

4

policy years and renewals to Creekstone SC I, LLC. After their rejection of Plaintiff POA's settlement offer, Plaintiffs allege that Defendant is now responsible for the full amount of the judgment entered in the underlying action against Creekstone SC I, LLC regardless of the policy limits otherwise applicable.

## COLLECTION AS CREDITOR ARISING FROM JUDGMENT AGAINST CREEKSTONE SC I, LLC

21. Plaintiffs hereby repeat, reallege and incorporate by reference the proceeding paragraphs as if fully set forth here below verbatim.

22. At the trial of the underlying case in this matter, Civil Action Number 2010-CP-10-10204, on May 27, 2014 through June 5, 2014, the jury found in favor of the POA and granted judgment against Creekstone SC I, LLC in the total amount of $55,000,000.00.

23. Defendant is obligated under their policies for the full payment and satisfaction of this judgment.

24. Defendant has refused and/or failed to provide any benefit under the policies, to pay or to indicate any intent to pay the judgment or any part thereof against Creekstone SC I, LLC. Defendant's refusal and failure to provide policy benefits and to pay such judgment or any part thereof was a breach of contract, and was and continues to be unreasonable, in bad faith, with malice, and in reckless disregard of the terms of the policies.

25. Plaintiffs are informed and that in respect of each of the matters set forth above, a justiciable controversy exists between and among the parties in which the parties have a legal and actual interest and which is ripe for resolution. Plaintiffs ask that this Court inquire into the dispute between and among the parties, review the policies of insurance issued by Defendant, and issue a Declaratory Judgment that Defendant is obligated to pay the POA's judgment and

indemnify Creekstone SC I, LLC and Creekstone Builders, Inc. for actual, consequential and punitive damages, without regard to the stated limits of insurance.

### PLAINTIFFS CREEKSTONE BUILDERS, INC. AND CREEKSTONE SC I, LLC'S FIRST CAUSE OF ACTION
**(Bad Faith)**

26. Plaintiffs hereby repeat, reallege and incorporate by reference the proceeding paragraphs as if fully set forth here below verbatim.

27. Defendant owed a duty to fully and properly investigate Plaintiffs' claim and to defend and indemnify its insureds of claims covered under its policies.

28. Defendant owed a duty of good faith and fair dealing not only in the payment of the insureds' claim arising out of the insurance contract but also in the manner in which it was processed.

29. Defendant breached the aforementioned duty of good faith and fair dealing, duty to defend, and duty to indemnify its insureds by unreasonably denying coverage and failing to perform any meaningful investigation or to participate in the defense of the Underlying Lawsuit.

30. Defendant's reliance upon any exclusions in its policies purporting to bar coverage for claims arising out of the very operation sought to be insured creates internal inconsistencies in the policy such that the policy should be rendered ambiguous and any ambiguity resolved in favor of coverage of the insureds.

31. Defendant's refusal to properly investigate, defend, indemnify, and participate in the settlement of the Underlying Lawsuit constituted bad faith with its insureds, Creekstone Builders, Inc. and Creekstone SC I, LLC, which proximately damaged Creekstone Builders, Inc. and Creekstone SC I, LLC. Said conduct by Defendant entitles Creekstone Builders, Inc. and

Creekstone SC I, LLC, and any assignee of said claim, to an award of actual, consequential and punitive damages, together with an award of attorneys' fees.

### PLAINTIFFS CREEKSTONE BUILDERS, INC. AND CREEKSTONE SC I, LLC'S SECOND CAUSE OF ACTION
**(Breach of Contract)**

32.     Plaintiffs hereby repeat, reallege and incorporate by reference the proceeding paragraphs as if fully set forth here below verbatim.

33.     Defendant's refusal to honor its duties and obligations under its contract with its insureds and to indemnify and participate in the settlement of the Underlying Lawsuit constituted a breach of contract with its insureds, Creekstone Builders, Inc. and Creekstone SC I, LLC, which proximately damaged Creekstone Builders, Inc. and Creekstone SC I, LLC.  Said conduct by Defendant entitles Creekstone Builders, Inc. and Creekstone SC I, LLC, and any assignee of said claim, to an award of actual, consequential and punitive damages, together with an award of attorneys' fees.

WHEREFORE, the Plaintiffs pray:

(1)     That the Court issue an Order declaring the rights of the parties under the Crum & Forster Specialty Insurance Company's policies in regard to the claims made and the judgment awarded against Creekstone SC I, LLC, and further declare that Crum & Forster Specialty Insurance Company is required to fully indemnify Creekstone SC I, LLC and Creekstone Builders, Inc. and pay the judgment plus interest against Creekstone SC I, LLC up to and beyond the full amount of their policy coverage as alleged above, as well as for the attorneys' fees and cost of this action.

(2) For all actual, consequential, statutory, and punitive damages, attorneys' fees, interest and costs of this action for the Defendant's unreasonable and bad faith refusal to defend and/or indemnify Creekstone Builders, Inc. and Creekstone SC I, LLC.

(3) For such other relief as the Court may deem just and proper at law or in equity.

JUSTIN O'TOOLE LUCEY, P.A.

By: s/ Justin Lucey_____
 Justin Lucey, Esquire
 Fed. Id. No. 5613
 jlucey@lucey-law.com
 Joshua F. Evans, Esquire
 Fed. Id. No. 10481
 jevans@lucey-law.com
 415 Mill Street
 PO Box 806
 Mount Pleasant, SC 29465

*And*

YOUNG CLEMENT RIVERS, LLP

By:  s/Edward D. Buckley, Jr._____
Edward D. Buckley, Jr., Fed. Id 1559
ebuckley@ycrlaw.com
Joshua P. Cantwell Fed. Id 10089
jcantwell@ycrlaw.com
P.O. Box 993, Charleston, SC  29402
(843) 720-5446


*Attorneys for the Plaintiffs*


Charleston, South Carolina
June___, 2014